*C/m to Def. Weaselboy 9/15/03 Nst*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

FIDELITY AND GUARANTY LIFE             *
   INSURANCE COMPANY,                *
        Plaintiff                 *    Civil  No. WDQ-02-3629
                                  *
                                  *
MYRON. M. WEASELBOY, et al.,
        Defendants

        *       *     *     *

## ORDER

     Pending are the unopposed Motions for Summary Judgment of defendant Singer Asset Finance Company LLC ("Singer") and defendant and cross-claim plaintiff Fidelity & Guaranty Assignment, LLC ("F&G Assignment").

     The Affidavit of Kenneth R. Barnett and the attachments thereto, filed in support of Singer's Motion for Summary Judgment, establish (1) under a structured settlement agreement and release, Ingersoll-Rand Company was required to make monthly 4286.79 payments to defendant Weaselboy for the term of his life, with payments guaranteed for at least 20 years; (2) Ingersoll assigned its payment obligation to F&G Structures, Inc.; (3) to meet its payment obligation, F&G Structures, Inc. bought an annuity from plaintiff; (4) Singer bought Weaselboy's rights under the annuity; (5) after Weaselboy's failure to forward assigned payments to Singer, Singer sued him; (6) Singer obtained a default judgment against Weaselboy in the principal amount of $41,297.76, plus court costs of $281, plus attorney's fees of $1,050; (7) on December 15, 2000, Singer served a writ of execution on the plaintiff by certified mail addressed to the Florida Commisioner of Insurance; and (8) on November 7, 2002, before the Florida judgment was satisfied, the plaintiff filed this interpleader action.

     Of course, a movant for summary judgment must show the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984).  If a nonmoving party "fail[s] to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  District courts have "an affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

As defendant Singer has shown its entitlement to judgment, it is this 15th day of September 2003,

ORDERED that defendant Singer's unopposed Motion for Summary Judgment BE and HEREBY IS, GRANTED; and it is

FURTHER ORDERED that Judgment BE, and HEREBY IS, ENTERED FOR defendant Singer Asset Finance Company LLC; and it is

FURTHER ORDERED that the Clerk disburse to defendant Singer Asset Finance Company LLC all funds deposited into the Registry of the Court by plaintiff Fidelity and Guaranty Life Insurance Company; and it is

FURTHER ORDERED that defendant and cross-claim plaintiff Fidelity & Guaranty Assignment, LLC remit to defendant Singer Asset Finance Company LLC ("Singer") all payments under annuity contract 1634331 until Singer's Florida judgment against defendant Weaselboy is satisfied; and it is

FURTHER ORDERED that the Cross Motion for Summary Judgment of defendant and cross-claim plaintiff Fidelity & Guaranty Assignment, LLC BE, and HEREBY IS, GRANTED; and it is

FURTHER ORDERED that the Clerk shall enter a declaratory judgment that defendant and cross-claim plaintiff Fidelity & Guaranty Assignment, LLC has no liability to defendant Weaselboy for payments made to defendant Singer Asset Finance Company LLC pursuant to this ORDER; and it is

FURTHER ORDERED that the Clerk shall mail copies of this ORDER to the parties.

WILLIAM D. QUARLES, JR
United States District Judge

2